Justin C. Frankel (JF-5983)
Jason A. Newfield (JN-5529)
FRANKEL & NEWFIELD, P.C.
585 Stewart Avenue - Suite 301
Garden City, New York 11530
(516) 222-1600

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------
HECTOR MALDONADO,                          :
                                           :     06CV6266
                     Plaintiff,            :
                                           :
      - against -                          :     ECF
                                           :
THE PRUDENTIAL INSURANCE COMPANY           :
OF AMERICA, and the XEROX CORPORATION      :     **COMPLAINT**
EXTENDED LONG TERM DISABILITY              :
PLAN,                                      :
                                           :
                     Defendant.            :
---------------------------------------------------------------

Plaintiff, HECTOR MALDONADO, by and through his attorneys, FRANKEL & NEWFIELD, P.C., as and for his Complaint against Defendants THE PRUDENTIAL INSURANCE COMPANY OF AMERICA ("PRUDENTIAL") and XEROX CORPORATION EXTENDED LONG TERM DISABILITY PLAN ("XEROX"), hereby sets forth the following:

### THE PARTIES

1.      At all times hereinafter mentioned, Plaintiff HECTOR MALDONADO, was and still is a resident of the State of New York.

2.      Upon information and belief, at all times hereinafter mentioned, Defendant PRUDENTIAL is a publicly owned life insurance company and a corporation organized and existing

under the laws of the State of New Jersey licensed to conduct business in New York.

3. Upon information and belief, at all times hereinafter mentioned, Defendant XEROX is a publicly owned company and a corporation organized and existing under the laws of the State of Connecticut and licensed to conduct business in New York.

## JURISDICTION AND VENUE

4. Jurisdiction is founded on 28 U.S.C. §1331 because this action arises under 29 U.S.C. §1001 et. seq. (Employee Retirement Income Security Act of 1974, hereinafter "ERISA").

5. Venue in the Southern District of New York is appropriate because Plaintiff resides in this judicial district, and because Defendant conducts business and is subject to personal jurisdiction in this judicial district and maintains contacts in this judicial district sufficient to subject it to personal jurisdiction.

6. Pursuant to 28 U.S.C. §1391(a)(1) and §1391(c), this action is properly venued in the Southern District of New York.

## FACTS

7. At all times hereinafter mentioned, Plaintiff was an employee of XEROX and was a participant and/or beneficiary under the LTD Plan.

8. The LTD Plan is an employee welfare benefit plan specifically covered under ERISA, 29 U.S.C. 1002(2)(A).

9. At all times material herein, XEROX was the plan sponsor of the LTD Plan within the meaning of ERISA, 29 U.S.C. 1002(16)(B).

10. At all times material herein, XEROX was the plan administrator of the LTD Plan within the meaning of ERISA, 29 U.S.C. 1002(16)(A).

11. At all times material herein, Prudential made and/or participated in making all benefits decisions under the LTD Plan.

12. During Mr. Maldonado employment with XEROX, Defendant PRUDENTIAL issued to XEROX a long term group disability income policy (hereinafter the "Policy").

13. At all times hereinafter mentioned, said disability policy of insurance was issued for the benefit of certain eligible ZEROX employees in exchange for the payment of premiums by XEROX and/or the employees.

14. At all times mentioned herein, Plaintiff was and is an employee eligible for disability benefits and an insured under the Policy issued by XEROX.

15. Said policy issued by XEROX provided, among other things, that disability insurance payments will be made to Plaintiff in the event that he becomes disabled due to accidental injury or sickness.

16. On or about January 2002, during the period within which said Policy was in full force and effect, and while Plaintiff was an eligible employee, Plaintiff became disabled within the meaning and pursuant to the terms of said Policy.

17. As of this date, Plaintiff continues to be disabled in that he is unable to perform any job for which he is reasonably qualified taking into account his education, training or experience.

18. Plaintiff's disability is caused by, among other things, co-morbid conditions, including severe inflammatory joint disease, synovitis, rheumatoid arthritis, severe right knee and

hip pain, muscle weakness, and joint stiffness, and the associated restrictions and limitations in functioning.

19. Plaintiff filed a timely claim, cooperated with Defendant PRUDENTIAL in all respects, provided proper proof of loss in support of his claim, and otherwise compiled with the policy terms and conditions regarding the filing and maintenance of a claim.

20. Pursuant to the policy, PRUDENTIAL was obligated to commence the periodic payment of monthly benefits to Plaintiff.

21. Defendant PRUDENTIAL paid benefits to Plaintiff under the terms of the policy for the period from the beginning of his claim until June 23, 2004, after which point, Defendant PRUDENTIAL wrongfully terminated such benefits.

22. Despite Plaintiff's continued total disability, Defendant has denied further benefits to Plaintiff and continues to refuse to pay benefits pursuant to the policy, although payment thereof has been duly demanded.

23. Said refusal on the part of Defendant PRUDENTIAL is a willful and wrongful breach of the policy terms and conditions.

24. Monthly benefits to Plaintiff are continuing to be due and payable by Defendant PRUDENTIAL with the passage of each month.

25. Defendant PRUDENTIAL is a conflicted decision maker because it has a financial interest in the outcome of Plaintiff's claim.

26. Defendant PRUDENTIAL's structural conflict of interest pervaded its handling of Plaintiff's claim, resulting in a number of procedural irregularities in its claim handling, including but not limited to, the failure to perform a medical examination of Plaintiff, the failure to

consider the impact of his condition on his ability to perform all of the regular duties of any occupation, the failure to consider the impact of his medications on his ability to perform all of the regular duties of any occupation, the failure to consider the significant physical, mental, emotional and stamina requirements or the duties of any occupation for which she is qualified taking into account training, education or experience, the refusal to consider Plaintiff's credible subjective complaints on his ability to work, the reliance upon a selective review of medical records to reach a result oriented claim determination, the failure to consider the determination of the Social Security Administration finding Plaintiff disabled under its rules, and other biased claim handling issues.

27. Defendant PRUDENTIAL's claim handling resulted in numerous violations of 29 CFR § 2560.503-1.

28. Defendant PRUDENTIAL's claim handling failed to provide Plaintiff with a full and fair review of his claim.

29. Defendant PRUDENTIAL's claim handling demonstrates a bias against Plaintiff's claim due to its impact on Defendant PRUDENTIAL's financial situation and prevented Plaintiff from receiving a full and fair review of his claim.

30. Plaintiff has attempted to exhaust all administrative appeals and remedies to the extent they exist pursuant to the conditions of the employee benefit plan.

31. By reason of the foregoing claims conduct, Defendants failed, by operation of law, to establish and follow reasonable claims procedures that would yield a decision on the merits of Mr. Maldonado's claim 29 C.F.R. §2560.503(l).

32. Because Defendants failed to satisfy the minimum procedural safeguards set forth in 29 C.F.R. §2560.503-1, Defendants' initial Adverse Benefit Determination and decision upon review is not entitled to any judicial deference.

33. Specifically, in Defendant's September 21, 2005 denial letter Prudential stated:

> A determination on your claim appeal will be made within 45 days of the receipt of your appeal request. This period may be extended by 45 days if special circumstances require an extension of time. **A written notice of the extension, the reason for the extension and the date by which the Appeals Committee expects to render a decision shall be furnished to you within the initial 45-day period.**
> (Emphasis added)

34. Mr. Maldonado appealed Prudential's September 21, 2005 denial on April 19, 2006.

35. To date, Prudential has failed to render a decision upon Mr. Maldonado's appeal despite numerous requests.

36. As of the date of the filing of this Complaint, Prudential has failed to render a decision on the appeal. By operation of law, the appeal is thus deemed denied, and the Plaintiff has exhausted his administrative remedies.

37. Prudential willfully failed to comply with ERISA regulations.

38. Prudential neither articulated in writing the special circumstances requiring the extension or made a determination of the appeal within 45 days from the end of the initial review period.

39. Based upon Prudential's failure to render a timely decision, Plaintiff is entitled to a *de novo* review.

40. Plaintiff continues to be totally disabled, and monthly benefits are due and owing to him with the passage of each month.

41. Prudential also unilaterally and without proper justification changed the amount of monthly benefit paid to Plaintiff.

42. In altering the monthly benefit, Prudential acted in an arbitrary and capricious manner and acted out of its bias.

43. Prudential failed to act as a neutral arbiter of Plaintiff's claim that his benefits were underpaid when it refused to acknowledge that Plaintiff's monthly benefit should have been at a higher monthly amount.

44. Prudential's refusal to address the issue of Plaintiff's proper benefit in a fair and neutral manner amounts to arbitrary and capricious conduct.

45. As a proximate result of the aforementioned wrongful conduct of Prudential, Plaintiff has damages including loss of other benefits he would be entitled to under the LTD plan.

**WHEREFORE**, Plaintiff HECTOR MALDONADO prays that he may have a declaratory judgment herein declaring the rights and other legal relations of the parties hereto regarding the matters set forth in this Complaint specifying the following:

a) Plaintiff is disabled pursuant to the language and within the meaning of the subject policy of insurance issued by Defendant in that he is unable to perform any job for which he may be qualified taking into account his education, training, and experience.

b) Defendant is obligated to pay continuing benefits to Plaintiff pursuant to the policy and shall pay all benefits in arrears due and owing since the denial of benefits, plus interest;

c) Defendant's obligation to pay benefits to Plaintiff shall continue as long as she remains totally disabled, subject to the applicable benefit period in the policy;

d) Plaintiff shall be afforded appropriate equitable relief to redress Defendant's violation of the terms of the Policy;

e) Plaintiff is entitled to restored eligibility for each and every employee benefit plan to which XEROX employees receive and such eligibility relates back to the disability onset date and Plaintiff is further entitled to reimbursement for any and all expenses incurred as a result of any deprived eligibility under the employee benefit plans, minus any premiums to which Plaintiff would have been required to pay, if any;

f) Pursuant to ERISA §502 et. seq., Plaintiff shall be entitled to recoup his attorney's fees, as well as all other costs and disbursements of this action, along with pre-judgment and post-judgment interest;

g) Plaintiff may return to this Court, upon motion, to seek further declaratory relief in the event that it becomes necessary; and

h) Such other and further relief as the Court may deem just and proper.

Dated: Garden City, New York
August 15, 2006

By: /s/ Justin C. Frankel
Justin C. Frankel (JF-5983)
Jason A. Newfield (JN-5529)
FRANKEL & NEWFIELD, P.C.
585 Stewart Avenue - Suite 301
Garden City, New York 11530
(516) 222-1600
Attorneys for Plaintiff

X:\Shared\Maldonado\Final -complaint.wpd

8